1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON

9

TACOMA DIVISION

10

| | |
|---|---|
| ALEEZA MCCANT, an individual d/b/a SUSHI YOU CAN HUG, | **Case No.** |
| Plaintiff, | **COMPLAINT** |
| v. | **COPYRIGHT INFRINGEMENT** |
| LENA WHITLEY, an individual d/b/a SWEET LITTLE SAPLINGS | **17 U.S.C. § 101 Et Seq.** |
| | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## <u>INTRODUCTION</u>

1. This civil action seeks injunctive relief, and damages for misrepresentation under the U.S. Copyright Act 17 U.S.C. §101 et seq., and the Revised Code of Washington – Unfair Business Practices Act Rev.C.W.A. §19.86 et seq.

2. This matter involves manufacturing and retail competitors that produce stuffed fabric toys and dolls for all ages (the "Market").

3. This matter arises from Defendant, Lena Whitley d/b/a Sweet Little Saplings' copying, offering for sale, and sale of two of Plaintiff, Aleeza McCant ("McCant") d/b/a Sushi You Can Hug's registered toy designs.

25

Page 1 – **COMPLAINT**

**SLINDE NELSON STANFORD**
111 SW 5th Ave, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

4. McCant brings this action seeking a permanent injunction and damages against Defendant for each of its sales, in compensation for Saplings' knowing and material infringement of Sushi's registered copyright.

5. Further, McCant also seeks damages under Washington's Unfair Trade Practices Act, in compensation for Defendant's knowing and material infringement with the sole attempt to limit competition.

## PARTIES

6. Plaintiff, Aleeza McCant d/b/a Sushi You Can Hug ("Plaintiff") is a sole proprietor operating an online retail shop through the website Etsy.com, and primarily sells small stuffed fabric toys and dolls for all ages.

7. Defendant, Lena Whitley d/b/a Sweet Little Saplings (formerly, Seattle Sun Plush) is a sole proprietor operating an online retail shop through the website Etsy.com, and primarily sells small stuffed fabric toys and dolls for all ages.

8. Plaintiff owns two copyrights, registration numbers VA 1-995-475 ("'475 Copyright"), and VA 1-995-346 ("'346 Copyright") (in combination, "Copyrighted Works").

## JURISDICTION AND VENUE

9. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq. This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§1331 and 1338.

10.      This Court has personal jurisdiction over Defendant for the following reasons: Defendant is a resident of the State of Washington; Defendant conducts regular business in the State of Washington; and, the infringement of Plaintiff's registered copyrights occurred in the State of Washington.

11.      Venue for this action is proper under 28 U.S.C. §1391 (b)(1) and (b)(2).

/ / /

Page 2 – **COMPLAINT**

**SLINDE NELSON STANFORD**
111 SW 5ᵗʰ Ave, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

**FACTUAL BACKGROUND**

12.     McCant started the online retail store "Sushi You Can Hug" through Etsy.com in September 2007. McCant's Etsy user name is "Cornstarch."

13.     Etsy.com ("Etsy") was founded in 2005, and is described as an e-commerce website focused on handmade or vintage items and supplies. Etsy is one of the largest online retailers in the world, its 1.6 Million active sellers generate annual gross sales of $2.39 Billion. (www.etsy.com/about).

14.     Etsy sellers open an account with Etsy and set-up what is known as a "Shop." The shop is a distinct virtual storefront which the seller designs, stocks, and operates within the "Etsy Marketplace." Shop owners are charged a small fee to sell through Etsy. The shop is where a buyer goes to review and purchase a seller's merchandise.

15.     Part of Etsy's attraction to Ms. McCant was the social media aspect of the Etsy marketplace, which encourages both buyers and sellers to "favorite" and/or "follow" other Etsy shops.

16.     McCant's sole commercial activity is online retail sales of small stuffed fabric toys, which are marketed to all ages. As part of this endeavor, owner Aleeza McCant has designed and created over 100 toy and doll designs.

17.     McCant's best sellers are a small octopus doll with a "kissy face" known as "Aka Tako" or "Sushi Octopus," and a small Loch Ness monster known as "Lil Nessy" or "Lil Nessie", (together, "Copyrighted Works").

18.     Aka Tako was first published in the United States on July 13, 2010, and is the subject of the '475 Copyright, which was registered on November 11, 2015.

19.     Lil Nessy was first published in the United States on April 5, 2012, and is the subject of the '346 Copyright, which was registered on November 11, 2015.

Page 3 – **COMPLAINT**

20.      Upon information and belief, Defendant has followed Ms. McCant's activity across social media, including the unrelated website "Pinterest," where Ms. McCant has previously displayed the Copyrighted Works.

21.      Upon information and belief, on or around March 3, 2014, Defendant opened her Etsy Shop under the name "Seattle Sun Plush," and changed the name to "Sweet Little Saplings" at some time thereafter.

22.      McCant became aware of the Defendant offering infringing product through its Etsy storefront on or about November 8, 2015.

23.      Upon information and belief, between March 3, 2014 and November 8, 2015, Defendant sold product on at least twelve separate instances which infringed the Copyrighted Works.

24.      After further investigation, Ms. McCant contacted Defendant and informed her that she had reviewed the infringing designs, and unless she agreed to remove each item permanently, McCant intended to file a Digital Millennium Copyright Act ("DMCA") removal request with Etsy.

25.      Defendant responded that she was willing to remove the content that infringed the '475 Copyright, but not the product which infringed the '376 Copyright.

26.      Defendant next responded that she was in error as to her right to sell the infringing designs, and requested McCant's permission to sell the infringing product. McCant, has no interest in licensing her product.

27.      McCant filed a DMCA removal request for each of the infringing products on with the Etsy legal department on March 22, 2016. In response, Etsy removed all content related to the infringing product from Defendant's storefront.

28.      On March 23, 2016, in response to McCant's DMCA removal notice, Defendant filed a DMCA counter notice with the Etsy legal department.

Page 4 – **COMPLAINT**

**SLINDE NELSON STANFORD**
111 SW 5th Ave, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

29.     Upon information and belief, Defendant's DMCA Counter Notice is fraudulent, false, and misleading.

## **FIRST CLAIM FOR RELIEF**

### **(Copyright Infringement)**

30.     Plaintiff repeats and realleges each of the allegation set forth in paragraphs 1 through 28, and the same are incorporated herein by reference.

31.     The Copyrighted Works comprise, in whole or in part, an original work of authorship that constitutes copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§101 et seq.

32.     McCant has not conveyed any copyright interest in the Copyrighted Works to Defendant.

33.     In violation of McCant's exclusive rights in the Copyrighted Works, Defendant has intentionally and willfully copied the Copyrighted Works, and reproduced and sold infringing designs that are strikingly and substantially similar to the Copyrighted Works

34.     Defendant's unlawful conduct constitutes infringement of McCant's exclusive rights in the Copyrighted Works, including without limitation, McCant's rights under 17 U.S.C. §106.

35.     Upon information and belief, as a direct and proximate result of Defendant's wrongful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to McCant.

36.     As a result of Defendant's unlawful conduct, McCant has suffered and will continue to suffer damages in an amount to be ascertained.

37.     Defendant's continued, unauthorized reproduction of the Copyrighted Works is causing, and will cause McCant irreparable harm unless enjoined by this Court.

/ / /

/ / /

Page 5 – **COMPLAINT**

1

2

### SECOND CLAIM FOR RELIEF

### (Violation of the Washington Unfair Trade Practices Act)

3

4

38.        Plaintiff repeats and realleges each of the allegation set forth in paragraphs 1 through 28, and the same are incorporated herein by reference.

5

6

7

39.        Defendant's aforementioned acts constitute unfair competition, false advertising, and unfair or deceptive acts or practices in the conduct of trade or commerce, all in violation of the Washington Unfair Trade Practices Act, R.C.W.A. §19.86 et seq.

8

9

10

40.        As a direct and proximate result of Defendant's unfair competition and unfair trade practices, Defendant has been unjustly enriched and McCant has suffered injury and irreparable harm for which she has no adequate remedy at law, and in an amount to be proved at trial.

11

12

41.        Defendant's will continue its unfair competition and unfair trade practices causing McCant to suffer further injury unless enjoined by this Court.

13

14

42.        Defendant willfully and knowingly participated in each act of unfair competition, entitling McCant to punitive damages to be proved at trial.

15

### PRAYER FOR RELIEF

16

1. That this Court declare the Copyrighted Works are valid and infringed by Defendant.

17

2. That this Court preliminarily and permanently enjoin Defendant, and everyone acting in concert therewith, from infringing or contributorily infringing the Copyrighted Works.

18

19

3. That this Court order the Defendant to account for all sales, profits and advantages derived from its infringement of the Copyrighted Works.

20

4. That this Court order the destruction of all infringing works, and an accounting thereof.

21

22

5. That this Court award McCant actual damages, as provided in 17 U.S.C. §504(b), in amount to be determined at trial.

23

24

25

6. That this Court award McCant punitive damages for Defendant's unfair competition and unfair or deceptive trade practices pursuant to R.C.W.A. §19.86.090 on account of Defendant's wanton, willful and tortious conduct.

Page 6 – **COMPLAINT**

7.  That the Court declare this case exceptional and award McCant her costs in this complaint, together with reasonable attorney's fees as provided in 17 U.S.C. § 505 and/or R.C.W.A. §19.86.090.

8.  That McCant be awarded such other and further relief, general and special, at law or in equity, which this Court, in its discretion, may deem just and proper.

**JURY DEMAND**

McCant herby demands a jury trial.


DATED: April 5, 2016.                        SLINDE NELSON STANFORD


                                             /s/ J. Curtis Edmondson
                                             J. Curtis Edmondson, WSBA No. 43795
                                             curtis@slindenelson.com
                                             Darian A. Stanford WSBA No. 44604
                                             darian@slindenelson.com
                                             Scott T. Rennie, OSB No. 144154
                                             (*Pro Hac* Pending)
                                             scott@slindenelson.com
                                             P: 503.417.7777
                                             F: 503.417.4250

                                             *Attorneys for Plaintiff*

Page 7 – **COMPLAINT**